IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER ROBERTS,

                                Case No.

    Plaintiff,

v.

CONSUMER RECOVERY ASSOCIATES, LLC,
and JOHN DOE,

                              **JURY TRIAL DEMANDED**

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff, Walter Roberts, is an individual residing at 10916 Lani Lane, Lithia, Florida 33547.

5. Defendant, Consumer Recovery Associates, LLC, (hereafter "CRA") is a Limited Liability Company with its principle place of business located at 2697 International Parkway, Parkway 4, Suite 270, Virginia Beach, Virginia 23452.  The principle purpose of Defendant is the collection of debts, using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. Defendant, John Doe a/k/a Gary Reisner (hereafter "Gary Reisner"), is an individual employee and/or agent of Defendant CRA and regularly attempts to collect debts alleged to be to due to another.

## IV. Factual Allegations

7. On or about August 20, 2008, a representative of Defendant CRA telephoned the residence of Plaintiffs' seventy-eight year-old mother, Barbara Roberts.

8. The representative asked to speak to Walter P. Roberts.

9. Plaintiff said that he was Walter P. Roberts.

10. The representative identified himself as Gary Reisner and informed Plaintiff that he was collecting a debt Plaintiff owed to HSBC.  Upon information and belief the alleged debt owed to HSBC was a consumer debt.

11. Plaintiff informed the representative that he did not currently have, and never had, an account with HSBC.

12. During this telephone call, Plaintiff's elderly mother, Barbara Roberts, was in the room and overheard the conversation.

13. Barbara Roberts asked Plaintiff who he was talking to and what the phone call pertained to.

14. When Plaintiff informed her that someone was trying to collect on a HSBC account, his mother was concerned that the account may have been the account of her deceased husband who was also named Walter P. Roberts.

15. Plaintiff's mother got on the phone to inquire whether the account may have been her husband's.

16. The CRA representative informed Plaintiff's mother that he was sure the alleged debt was the Plaintiff's, but that if it was not the Plaintiff who signed the HSBC credit card application, then it must be a forgery by her, and that he fully intended to prosecute her for fraud.

17. After speaking to Plaintiff's mother, the CRA representative again spoke to Plaintiff, who reiterated that he would prosecute Plaintiff's seventy-eight year-old mother for fraud if Plaintiff did not pay the debt.

18. The CRA representative further threatened Plaintiff that if he did not pay immediately, he would report the amount allegedly due on the HSBC account to the Internal Revenue Service as earned income and the Internal Revenue Service would prosecute him for fraud and tax evasion.

19. At this point, Plaintiff became extremely scared, confused, upset and concerned. He again stated that this was not his account and refused to pay.

20. The CRA representative became belligerent and asked Plaintiff why he had other credit accounts open if he could not pay the HSBC account.

21. The CRA representative then told Plaintiff that he would accept a settlement if Plaintiff could make a lump-sum payment from another line of credit.

22. Frightened and scared by the representative's threats against him and his elderly mother, Plaintiff agreed to make a payment of $1,489.00 from his Capital One account.

23. Plaintiff has heart problems, and as a result of the telephone threats made by the CRA representative, suffered pain in his chest which continued for three days after the collection call.

24. As a result of Defendants' coercive and deceptive actions, Plaintiff was frightened, anxious, concerned and confused, and incurred an actual financial loss of $1,489.00 plus interest.

### FIRST CLAIM FOR RELIEF
### FDCPA Violations
### Walter Roberts v. Consumer Recovery Associates, LLC

25. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

26. The foregoing acts and omissions of CRA and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(7) and 1692f.

27. As a result if the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA Violation
### Walter Roberts v. Consumer Recovery Associates, LLC

28. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

29. The foregoing acts and omissions of CRA and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7), 559.72(9) and 559.72(12).

30. The actions of Defendants were done with the intent to coerce Plaintiff into paying a consumer debt.

31. As a result of the above violations of the FCCPA, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### FIRST CLAIM FOR RELIEF
### FDCPA Violations
### Walter Roberts v. John Doe

32. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

33. The foregoing acts and omissions of John Doe constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(7) and 1692f.

34.  As a result if the above  violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### FCCPA Violation
### Walter Roberts v. John Doe

35. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 24.

36. The foregoing acts and omissions of John Doe constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7), 559.72(9) and 559.72(12).

WHEREFORE, PLAINTIFF respectfully pray that judgment be entered against DEFENDANTS for the following:

   a. Declaratory Judgment that DEFENDANTS' conduct violated the FDCPA and the FCCPA;

   b. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A §559.77(2);

   c. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);

   d. Punitive damages pursuant to F.S.A. §559.77(2);

   e. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2); and

   f. For such other and further relief as may be just and proper.

Dated: December 4, 2008                          Respectfully submitted,

                                                  s/ G. Donald Golden
                                                 G. DONALD GOLDEN, ESQUIRE
                                                 Florida Bar No. 0137080
                                                 don@brandonlawyer.com
                                                 JAMES W. ELLIOTT, ESQUIRE
                                                 Florida Bar No. 0040961
                                                 james@brandonlawyer.com
                                                 THE GOLDEN LAW GROUP
                                                 213 N Parsons Avenue
                                                 Brandon, Florida   33510
                                                 Telephone:  (813) 413-8700
                                                 Facsimile:   (813) 413-8701
                                                 Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

   PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

                                                  s/ G. Donald Golden
                                                 G. Donald Golden, Esquire